## YOUNG v. HOGLAN.

### No. 5720; December 10, 1877.

**Partnership Accounts—Settlement—Parties.—A** settlement of partnership accounts cannot be made in a collateral action in which the partners are not made parties.

**Attorneys—Authority in Settlement of Partnership Accounts.—** A court cannot enter judgment upon a report of a referee to state the accounts between partners who are not parties to the proceeding, notwithstanding the agreement of attorneys to that effect.

Powell and Rogers were partners in the raising and sale of sheep. Powell sold to defendant Hoglan twelve hundred sheep for three thousand dollars. Hoglan paid fifteen hundred dollars cash and agreed to pay to Rogers the balance, provided that amount should be due Rogers from Powell upon a settlement of their copartnership accounts, or to pay any amount found due Rogers upon the settlement.

The claim against Hoglan was assigned to the plaintiff Young, upon which he brought suit.

The court below found the facts as above stated, and, as a conclusion of law, said that the liability of the defendant depended upon the result of a settlement of accounts between Powell and Rogers. Afterward the attorneys on each side consented to the appointment of a referee to take testimony and report what amount, if anything, was due from Powell to Rogers. The referee reported that nothing was due; whereupon the court entered judgment for the plaintiff. The defendants claimed that the suit should have been dismissed because prematurely brought, as no cause of action existed until after a settlement of the accounts between Powell and Rogers.

The supreme court holds that the judgment based upon the report must be reversed, because Powell and Rogers were not parties to the action, and orders the pleadings amended, making them parties.

By the COURT.—A settlement of the partnership accounts between Rogers and Powell, as contemplated at the time of the sale of the sheep by Powell to Hoglan, can only be made in a proceeding to which both Rogers and Powell are parties.

Judgment reversed and cause remanded, with directions to permit the parties to amend the pleadings so as to make Rogers and Powell parties to the action.